586 P.2d 1058

**W. W. RITTER and Marjorie K. Hull, Plaintiffs-Respondents,**

v.

**Norman S. STANDAL and George H. Lemmon, and Aquaculture Industries, Inc., a corporation, Defendants-Appellants.**

**No. 12812.**

Supreme Court of Idaho.

Nov. 21, 1978.

Dale G. Higer of Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for defendants-appellants.

1. At oral argument respondents advised that during this appeal respondent Ritter had ac-

Edward W. Clyde of Clyde & Pratt, Salt Lake City, Utah, Bert Larson of Parry, Robertson, Daly & Larson, Twin Falls, for plaintiffs-respondents.

PER CURIAM:

This case—which involves a dispute between the plaintiff respondents,[1] owners of land abutting an estuary on the Snake River, and the defendant appellants, owners of a fish farm located in the estuary—is before this Court for the second time. In the prior appeal, *Ritter v. Standal*, 98 Idaho 446, 566 P.2d 769 (1977), we affirmed a district court finding that the fish farm interfered with the respondents' rights of ingress and egress through the estuary and the district court's decree that the appellants remove the fish farm and restore as nearly as practical the estuary to its natural condition.

Following our decision in the first appeal, the appellants filed in the district court a motion to extend the time for compliance with the decree and a motion for clarification and approval of a proposed restoration plan. The district court denied the motion for clarification and approval on the ground that it was an attempt to relitigate matters which had already been litigated or which should have been litigated in the original action. The district court also ruled that the proposed plan was not in compliance with the court's decree and that the appellants had not demonstrated any reason for the court to exercise its equity jurisdiction to modify the original decree. The court also denied the motion for an extension of time to comply with the decree.

The appellants brought this second appeal from the district court's denial of these motions. After reviewing the district court's findings in the original action, our previous decision affirming the district court, and the record in the instant appeal, we hold that the district court did not err in denying both motions.

quired the land of respondent Hull and that prior to argument respondent Ritter had died.

However, while this second appeal was pending the appellants filed several motions before this Court. The appellants moved *inter alia* (1) for an order remanding the matter to the district court, and (2) for an order staying enforcement of the decree. At oral arguments respondents agreed to the granting of the stay. Thus, the only matter before us for decision is the appellants' motion to have the case remanded to the district court.

This motion for remand is based on the following events which occurred subsequent to the filing of this appeal: On May 8, 1978, the appellants filed an application with the Department of Water Resources for a permit to alter the estuary. *See* I.C. §§ 42–3801, –3803. On August 25, 1978, the Department of Water Resources issued the permit. One of the conditions of the permit requires the estuary to "be restored as near as practical to its size in 1969, as shown by aerial photos at the Gooding County Soil Conservation Service office." According to appellants, the permit also involves an exchange of lands between the appellants and the State of Idaho which would result in the estuary being restored to its original size. It is also alleged that the permit authorizes the construction of new race-ways outside the new channel but partially within the boundaries of the original estuary. Certain conditions are placed on the construction and use of new raceways.

As we noted in the prior decision, the Department of Water Resources and the Department of Lands have authority to authorize alterations of stream channels. 98 Idaho at 449, n. 2, 566 P.2d 769. In our view, this permit, which allegedly grants the appellants the right to make some alterations in the estuary, constitutes a change of circumstances requiring a reconsideration by the trial court of its original decree. In reconsidering the decree the trial court should preserve the adjudicated rights of respondents to navigate the estuary while also recognizing the right of the State of Idaho to authorize appellants to alter the estuary and to construct raceways according to terms granted by the State of Idaho.

We therefore remand the matter to the district court for further proceedings. Costs on the appeal to respondents.